ESSEX COUNTY COURT OF COMMON PLEAS.

STATE OF NEW JERSEY, APPELLEE, v. JAMES WHITAKER, DEFENDANT AND APPELLANT.

For the defendant, *William A. Lord.*

For the state, *Joseph L. Smith,* prosecutor of the pleas.

FLANNAGAN, J. Appeal by defendant from decision of a magistrate convicting him of violating section 14, subdivision 3 of the Motor Vehicle act and fining him $200.

The adjudication of magistrates in such proceedings should be made up in a record called a conviction. A conviction in this sense is a record of the summary proceedings upon the penal statute relied on.

Such a record should contain—

(1) The complaint which should allege facts showing jurisdiction in the magistrate;

(2) The process whereby the defendant is brought before the magistrate;

(3) The defendant's appearance and confession or admission of guilt, or if he defends his defense together with the essential evidence adduced and

(4) The judgment. See *Preusser* v. *Cass,* 54 *N. J. L.* 532; 35 *C. J.* 790, § 487, and cases cited *infra* herein.

The complaint as well as the judgment in a criminal prosecution under section 14, subdivision 3 of the Motor Vehicle act, which describes two or more different and separate offenses, should set forth which separate offense was committed. *Preusser* v. *Cass,* 54 *N. J. L.* 532, 534, 535; *Walt* v. *Wallerius,* 99 *Id.* 370, 372; *State* v. *D'Aloia,* 2 *N. J. Mis. R.* 1164.

If the complaint is definite and specific it will suffice if the judgment finds the defendant "guilty as charged." *Knight* v. *Kinkead,* 6 *N. J. Adv. R.* 787; *Burnell* v. *Court* of *Common Pleas,* 3 *N. J. Mis. R.* 531; *State* v. *Sakowiez,* 2 *N. J. Adv. R.* 1238. It is not enough to describe an offense by section and subdivision number merely, where two or more offenses are created by said subdivision. *State* v. *D'Aloia,* 2 *N. J. Mis. R.* 1164, 1165, 1168. As already stated, the essential evidence should be returned. *Lyons* v. *Spratford,* 43 *N. J. L.* 376; *Keeler* v. *Milledge,* 24 *Id.* 142, 146; *Salter* v. *Mayor of Bayonne,* 59 *Id.* 128, 129, 130; *State* v. *Rosenblum,* 100 *Id.* 240, 243, 244; *Preusser* v. *Cass, supra.*

In the instant case the evidence was not returned, if it had been it might possibly have disclosed which of the separate offenses mentioned in said section 14, subdivision 3, was intended to be described in the judgment and the court might have felt itself called upon to read the two together in order to uphold the judgment appealed from. The names of the witnesses are set forth but none of the evidence was returned.

Tested by these rules the present return is insufficient; for neither by way of judgment nor in the evidence is the alleged offense described. In this it is defective. While a mere clerical error may be disregarded, a total failure alike of any specific finding or evidence as to which of the different offenses covered by the subdivision in question defendant committed, is fatal.

For the above reasons the motion to set aside the conviction is granted.

The orderly administration of justice requires that the expression of the court's determination should enable the defendant and everyone else to know definitely and with certainty of what he is convicted. It should not be necessary to search through the record to seek by inference for the true purport of the court's determination. The conclusion of the court should appear unequivocally from the judgment alone, or if not from the judgment then from the judgment and complaint.